## Emelie Mundstock, Appellee, v. Herman Mundstock, Appellant.

### Gen. No. 22,647.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the ·Hon. Jesse A. Baldwin, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 22, 1917.

### Statement of the Case.

Bill for divorce by Emelie Mundstock, complainant, against Herman Mundstock, defendant, charging adultery. From a decree in favor of complainant and awarding alimony, defendant appeals.

There was introduced in evidence a postnuptial contract between complainant and defendant which recited that differences had arisen between them in relation to the ownership of certain property, one piece being held in joint tenancy and the other in the name of complainant alone, and, both being desirous of settling such differences, the pieces of property were conveyed to complainant, she paying defendant $2,500 in money and assuming an incumbrance thereon of $1,400, evidenced by the notes of both parties, which complainant agreed to pay and to hold defendant indemnified from any liability therefor. As a further consideration of the contract, conveyance, the payment of the $2,500, and the assumption of the $1,400 of indebtedness, each released all claim in or to the real or personal property of the other then owned or afterwards to be acquired by either, and also agreed that the survivor waived and released all claims of dower, homestead rights, widow's award, or other rights or interest in and to the property of which the one first dying should be seized at the time of his or her death.

CHARLES WERNO, for appellant.

RATHJE & WESEMANN, for appellee; W. ARNOLD AMBERG, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1.  DIVORCE, § 14*—*when evidence sufficient to show adultery.* Evidence *held* sufficient to establish defendant's adultery, in an action for divorce on that ground.

2.  DIVORCE, § 105*—*when postnuptial agreement is not bar to allowance of alimony in suit for divorce.* A postnuptial contract between husband and wife made when in settlement of differences between them as to the ownership of property owned by them jointly and for the purpose of settling such differences, *held* no bar to the wife's right to alimony under a suit for divorce brought by her subsequent to such contract, and not anticipated by or in the contemplation of the parties at the time they entered into the contract.

3.  DIVORCE—*when duty rests on chancellor to award alimony and solicitor's fees.* It is the duty of the chancellor, under Rev. St. ch. 40, sec. 18 (J. & A. ¶ 4233), on granting a wife a decree of divorce for the fault of her husband, to award alimony as well as solicitor's fees in favor of complainant.

4.  DIVORCE, § 102*—*when amount of alimony and solicitor's fees is reasonable.* The amount of alimony and solicitor's fees awarded by the decree, *held* to be reasonable and just when measured by the financial ability of defendant to pay and the necessity of complainant for financial aid in her support, and conformable to well-settled practice.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.